UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS W.,

                      Plaintiff,

        v.

KILOLO KIJAKAZI,
Commissioner of Social Security,

                      Defendant.
_____

DECISION AND ORDER

21-CV-0156L

## PRELIMINARY STATEMENT

Plaintiff brings this action pursuant to Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner").

On October 3, 2018, plaintiff, then fifty-three years old, filed an application for supplemental security income, alleging disability beginning on July 13, 2017. That application was initially denied. Plaintiff requested a hearing, which was held on March 19, 2020 via teleconference before administrative law judge ("ALJ") Carl E. Stephan.

The ALJ issued a decision on April 27, 2020, finding plaintiff not disabled. (Dkt. #4 at 15-21). That decision became the final decision of the Commissioner when the Appeals Council denied review on December 2, 2020. (Dkt. #4 at 1-3). This appeal followed.

The plaintiff has moved for judgment on the pleadings requesting remand of the matter for further proceedings (Dkt. #5), and the Commissioner has cross moved for judgment dismissing

the complaint (Dkt. #6), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-settled five step sequential evaluation, and the Court assumes the reader's familiarity therewith. *See Bowen v. City of New York*, 476 U.S. 467, 470 71 (1986). See 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records and testimony concerning degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, and diabetes, which the ALJ found were severe impairments not meeting or equaling a listed impairment. (Dkt. #4 at 17).

The ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform a full range of light work, and applied the Medical-Vocational Guidelines (the "Grids") to determine that plaintiff, at the alleged time of onset a fifty-two-year-old man with a high school education and no past relevant work, was not disabled. (Dkt. #4 at 20-21).

I.  **The ALJ's Exertional RFC Finding**

Plaintiff primarily argues that the ALJ's RFC finding was not supported by substantial evidence, because the ALJ failed to complete the record sufficiently, and improperly substituted his lay opinion for competent medical opinion.

The Court concurs. With respect to plaintiff's exertional RFC, the record contained medical opinions from just one source, which the ALJ found "not persuasive." Plaintiff's treating chiropractor, Dr. Scott Croce, provided opinions indicating that plaintiff was temporarily and totally disabled, on August 30, 2018, September 28, 2018, and October 31, 2019. (Dkt. #4 at 20, 214, 538, 540). The ALJ rejected those opinions, noting that they were primarily expressions of opinion on the ultimate issue of disability rather than function-by-function assessments, and were inconsistent with the medical evidence of record, which indicated that plaintiff had at least some ability to perform the functional requirements of work.

The ALJ noted in his opinion that at least two additional consultative examinations had been scheduled, but that plaintiff failed to appear. (Dkt. #4 at 164). When questioned about this at the hearing, plaintiff claimed that he had never received notification about those scheduled examinations, and the ALJ indicated that he would "take [plaintiff] at [his] word" on that issue. (Dkt. #4 at 35-37).

While I find no fault with the ALJ's weighing of Dr. Croce's opinions or with his inability to initially obtain reports from consulting physicians due to plaintiff's failure to appear at scheduled examinations, the resulting lack of useful medical opinion evidence concerning plaintiff's limitations presented an obvious gap which deprived the ALJ's RFC finding of adequate evidentiary support.

As a general rule, although an ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision," *Matta v. Astrue*, 508 Fed. App'x 53, 56 (2d Cir. 2013), "an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Maria J. v. Commissioner*, U.S. Dist. LEXIS 233237 at

3

\*14-\*15 (W.D.N.Y. 2020) (quoting *Wilson v. Colvin*, 2015 U.S. Dist. LEXIS 27804 at 54 (W.D.N.Y. 2015)). Thus, "[w]here the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities,' . . . the Commissioner 'may not make the connection himself.'" *Maria J.*, 2020 U.S. Dist. LEXIS 233237 at \*15 (quoting *Nanartowich v. Commissioner*, 2018 U.S. Dist. LEXIS 82649 at \*27-\*28 (W.D.N.Y. 2018)).

It is true that in certain circumstances, where the medical evidence shows physical impairments so minor as to permit the ALJ to "render a common sense judgment about functional capacity," *Dagonese v. Commissioner*, 2020 U.S. Dist. LEXIS 100124 at \*14 (W.D.N.Y. 2020), an ALJ may formulate an RFC finding based on other evidence of record, such as treatment notes and activities of daily living. *See Tankisi v. Commissioner*, 521 F. App'x 29, 34 (2d Cir. 2013) (summary order) ("remand is not always required when an ALJ fails in his duty to request opinions, particularly where, as here, the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity"). However, such circumstances are not present here.

Initially, plaintiff's impairments were not "minor": as the ALJ found, plaintiff suffered from the severe impairments of cervical and lumbar spinal degeneration, confirmed by imaging studies showing disc herniation and neural foramen narrowing ranging from mild to severe (Dkt. #4 at 506), ongoing complaints of back and neck pain, and objective examination findings that included positive straight leg raising tests and, on at least some occasions, a limited range of spinal motion.

While the ALJ endeavored to reconcile and interpret the results of plaintiff's diagnostic imaging tests and subjective complaints of back pain, with plaintiff's grossly normal examination findings and conservative treatment history (using only over-the-counter pain medication), that

undertaking was manifestly an improper layperson interpretation of "bare medical findings." *Maria J.*, U.S. Dist. LEXIS 233237 at *14-*15. Where, as here, the lack of relevant medical opinion evidence presented an obvious gap in the record, the "ALJ ha[d] an affirmative duty to develop the record due to the 'essentially non-adversarial nature of a benefits proceeding.'" *Emery S. v. Commissioner*, 2021 U.S. Dist. LEXIS 118218 at *16 (W.D.N.Y. 2021)(quoting *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996)).

In sum, the record before the ALJ lacked any medical opinion offering a function-by-function assessment of plaintiff's exertional abilities, and plaintiff's diagnostic imaging tests and treatment notes simply did not offer sufficient information about his exertional and postural limitations to support the RFC determination reached by the ALJ. As such, the ALJ's findings amounted to an improper substitution of his "own expertise or view of the medical proof [in place of] any competent medical opinion," and remand is appropriate. *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings (Dkt. #5) is granted, the Commissioner's cross motion (Dkt. #6) is denied, and the matter is remanded for further proceedings.

On remand, the ALJ is directed to complete the record by recontacting plaintiff's treating sources, and/or ordering consultative medical examinations, with the goal of obtaining one or more

specific function-by-function assessments of plaintiff's residual functional capacity. The ALJ must then reach a new disability determination which is supported by substantial evidence.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated:  Rochester, New York
November 2, 2022.